| CALOGERO, Chief Justice,
concurring in the denial.
Plaintiff in this case seeks an injunction to provide for the shut-down and removal of a natural gas pipeline maintained by the defendant. Defendant filed an exception of lack of subject matter jurisdiction alleging, inter alia, that the Federal Energy Regulatory Commission (“FERC”) enjoys exclusive jurisdiction over the pipeline at issue here under the Natural Gas Act, 15 U.S.C. §§ 717-717w. The trial court overruled the exception and the court of appeal denied the writ application of the defendant. I write separately from this court’s denial of the writ application to emphasize the reasons that the trial court has subject matter jurisdiction over this case.
It is true that the Natural Gas Act is applicable to the pipeline at issue here by virtue of the fact that it transports natural gas through interstate commerce. See 15 U.S.C. § 717(b). It is also true that the actual shutdown and relocation of the pipeline in question cannot be done without prior approval of the FERC. See 15 U.S.C. § 717f(b). As pointed out in Abramson v. *1179 Florida Gas Transmission Co., 909 F.Supp. 410, 416-17 (E.D.La.1995), however, the issue of whether the defendant can unilaterally shut down this pipeline is a question of compliance with the injunction, not the appropriateness of its issuance.
| ¡.Notably, the FERC cannot give approval to the shutdown or relocation of this pipeline without a finding “that the available supply of natural gas is depleted to the extent that the continuance of service is unwarranted, or that the present or future public convenience or necessity permit such abandonment.” 15 U.S.C. § 717f(b). The “public convenience or necessity” forming the basis for the shutdown of this pipeline before the FERC would be a determination that the defendant’s continued use of the pipeline at issue is a violation of Louisiana’s property, tort, and contract laws.
First, it should be noted that nothing in the Natural Gas Act prevents a state court from making such a determination. Second, and more importantly, to force the plaintiff to proceed directly to the FERC, without a state court ruling on these issues, would require the FERC to determine whether state laws have been violated in this case. Not only is this inadvisable as a matter of basic comity between the state and federal government, surely Congress could not have intended to give the FERC jurisdiction over property, tort, and contract disputes in all fifty states.